UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No.: 3:18-CR-16-KAC-HBG |
| ROBERT WESLEY BANDY, | ) ) ) |
| Defendant. | ) ) |

## ORDER DENYING JAIL CREDIT

Before the Court is Defendant's pro se motion for "jail credit" [Doc. 31]. Defendant seeks "jail credit" for the time he spent incarcerated from December 2, 2017 through November 1, 2018. A federal grand jury indicted Defendant on February 21, 2018 [Doc. 1]. At the time of the indictment, Defendant was incarcerated on state criminal charges [Doc. 4]. Pursuant to a writ of habeas corpus *ad prosequendum*, on November 1, 2018, Defendant was transferred from the custody of the Sheriff at the Lois M. DeBerry Special Needs Facility to federal custody [Doc. 12]. The Attorney General detained Defendant pending trial [Doc. 14]. Defendant pled guilty, and the Court sentenced him to thirty-two (32) months imprisonment to be served concurrently with his state sentence in Roane County Criminal Court case number 2018-CR-36 and consecutively with his revocation sentence in federal case 3:13-CR-33 in the Eastern District of Tennessee [Doc 26]. He currently is housed at Federal Correctional Institution Hazelton. [Doc. 31]. Defendant moves the Court to credit the time he spent in state custody towards his federal sentence [Doc. 31]. He has not identified a legal basis for the requested relief, [*see id.*], and the United States opposes his motion, [Doc. 32].

The Court lacks authority to grant Defendant jail credit for time spent incarcerated in state custody. *United States v. Wilson*, 503 U.S. 329, 333 (1992). "[T]he power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001); *see, e.g.*, *Miller v. Fed. Bureau of Prisons*, No. 113-CV-2633, 2014 WL 2722343, at *3 (N.D. Ohio June 16, 2014) ("Only the BOP has the statutory authority to cause a federal sentence to run concurrently with a state sentence by designating *nunc pro tunc* an inmate's state prison as the place of federal confinement.").

Furthermore, the law provides a specific process for Defendant to raise his challenge—a process he has not followed. First, Defendant has provided no indication that he has exhausted his administrative remedies. The Sixth Circuit has advised that the Bureau of Prisons ("BOP") "'should be given the opportunity to consider the application of its policy to [petitioner's] claim before the matter is litigated in the federal courts.'" *Urbina v. Thoms,* 270 F.3d 292, 295 n.1 (6th Cir. 2001) (quoting *Taylor v. United States,* No. 95–5150, 1995 WL 460512, *3 (6th Cir. Aug. 2, 1995)). Second, if BOP initially declines to credit Defendant for time served, Defendant may raise his claims through BOP's Administrative Remedy Program. *Setser v. United States*, 566 U.S. 231, 244 (2012) (citing 28 C.F.R. § 542.10, *et seq.*). Finally, after exhausting his administrative remedies, Defendant may petition for a writ of habeas corpus under 28 U.S.C. § 2241. Such a petition must be filed in the district where he is incarcerated. *United States v. Garcia-Echaverria*, 374 F.3d 440, 449 (6th Cir. 2004) ("Absent special circumstances . . . a petition for a writ of habeas corpus is properly filed only in a court that has personal jurisdiction over the [petitioner's] immediate custodian.").

Accordingly, Defendant's Pro Se Motion for Jail Credit [Doc. 31] is **DENIED**.

IT IS SO ORDERED.

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge